UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                Case No. 4:19-cr-40101-JPG

FLAZON M. PEOPLES,

        Defendant.

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a Motion for Copies (Doc. 55). The Defendant

filed the motion on March 8, 2024. The Motion claims that the Defendant is indigent and

requires a copy of the "State [sic] of Reason, Docket Sheet[,] and sentencing transcript." The

Court hereby **DENIES** the motion.

Beginning with the Defendant's first requested document: the Court infers "[s]tate [sic]

of [r]eason" to mean the Court's Sealed Statement of Reasons to Judgment. (Doc. 53). The

Sealed Statement of Reasons to Judgment is not accessible to defendants and the Court sees no

reason to unseal the document here.

Turning to the Defendant's request for a copy of the docket sheet and transcripts:

generally, the District Clerk will mail paper copies of any document to a party only upon

prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from

the parties such additional fees only as are prescribed by the Judicial Conference of the United

States." The Judicial Conference Schedule of Fees § (4) provides that a fee of $.50 per page shall

apply for reproducing any record or paper.

Defendants have no constitutional right to a complimentary copy of any document in

their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted all other means of access to his files (i.e., through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (i.e., through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

When a transcript of a proceeding has not been prepared already, the defendant has a right for the transcript to be prepared at the public's expense in limited circumstances: (1) when a defendant is indigent, and (2) when the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements placed on transcripts do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Here, the Defendant has failed to show that they are entitled to a free copy of the docket sheet or a sentencing transcript prepared at the public's expense.

First, the Defendant has failed to provide sufficient evidence that they are indigent and

cannot pay for the requested transcript or a copy of the docket sheet. While the Defendant claims to be indigent, claiming indigence is not enough; they must submit financial documents, such as a certified copy of their prisoner trust account for the previous six-month period prior to filing. Because the Defendant has not submitted any financial documents to support their claim, they have failed to satisfy the first requirement.

Second, the Defendant has no pending matter before this Court. Consequently, the Court cannot certify that the transcript or copy of the docket sheet are necessary to pursue a specific, non-frivolous matter. *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence).

Concerning the request for free copies in particular, the Defendant has also failed to show that they have exhausted all other means to access a copy of the docket sheet.

The Defendant may resubmit their request for a free transcript and/or free copies. However, they must establish (1) that they are indigent (such as by submitting an affidavit and a record of their prison trust fund account for the last six months) and (2) that the transcripts and/or free copies are needed to decide a pending non-frivolous motion. Additionally, for a free copy of the docket sheet, the Defendant must also show that they have exhausted all other means to receive a copy of it.

For the foregoing reasons, the Defendant's Motion for Copies, (Doc. 55), is **DENIED**.

**IT IS SO ORDERED.**
**DATED:  March 25, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**